6 cases, pardon me, yes 6 cases, 3 of them are being submitted on the briefs today without oral argument there. Appeal number 2006-7008, McDonald v. Department of Veterans Affairs. Appeal 2007-3163, Gray v. Department of Defense. And Appeal 2007-3227, Braxter v. Department of Labor. On the 3 case argument list, we'll hear argument first in Appeal number 7109 of the current year, Stelzel v. Department of Veterans Affairs. Mr. Smith. Good morning. Good morning, Your Honor. I have a preliminary question, which was whether you can explain why the opinion in the back of the blue brief, instead of concerning Mr. Stelzel, concerning somebody named Alva Jandro. We made a mistake, Your Honor. We filed a corrected brief that had the correct opinion. I'm glad to hear that. I apparently never got the corrected brief. I have an uncorrected version, so I'm just curious about how the wrong opinion got in there. Thanks for making that correction. Well, we apologize for that. And we did file the corrected brief, and of course, the correct decision is in the joint papers. Yes, I saw that. Thank you. Please proceed. Thank you, Your Honors. Your Honors, the Court of Appeals for Veterans Claims held that Mr. Stelzel's 1965 rating decision by the Department of Veterans Affairs was not clearly and unmistakably erroneous because had the error that Mr. Stelzel alleged in fact been made, nonetheless, the reduction from 50% to 30% for Mr. Stelzel's service-connected traumatic brain injury would have been made anyway. The problem with that holding is that is not the assignment of error that Mr. Stelzel made to the Court of Appeals for Veterans Claims. In his brief, he argued that if this error had been made— His brief below. His brief below, Your Honor, which is in the joint appendix. I believe it begins at page 147. That that error caused the Department of Veterans Affairs to assign an effective date for the reduction, which was incorrect. The effective date given by the Department of Veterans Affairs was September 2, 1965. The rating decision which reduced Mr. Stelzel's disability rating from 50 to 30 was dated September 27th. Just for the brain injury. Excuse me? For the brain injury. That is correct, Your Honor. So 10% was added for ulcers and 20% was subtracted for improvement in the brain injury. That is correct. And it's uncontested then that the combined rating under the method used by the Veterans Department was 70 before these changes and was 70% after the changes. That is correct with one exception. The effective date for the 70% after the changes should have become effective only on January 1, 1966. The increase of 10% was correctly determined to become effective on September 2, 1965. Counsel, in order to find the way he wants to find, do we have to interpret Section 3012 when it says in Part B, the effective date for a reduction of compensation shall be, and that gives the time limits. Do we have to interpret the reduction in compensation to include reduction in rating even if there is no corresponding reduction in overall compensation? Fortunately for me, the answer is no. And the reason that you do not is that the Department of Veterans Affairs, then Veterans Administration, had already interpreted that statute. And they did so in 38 CFR 3.500, subparagraph R. And then subparagraph R, which specifically cites 3012B6, the Department of Veterans Affairs concluded that that statute also applied to reductions in evaluations. And that's what we have here. The evaluation for the disability. Well, just a minute. And maybe you're jumping a little bit ahead. There may be a difference between a reduction in an evaluation of a particular disability contrasted with the reduction in the evaluation of combined multiple two or more disabilities. Correct, Your Honor. So you are asking us to construe it as applying to any individual rating that's reduced. That, again, Your Honor, has been decided by the Department of Veterans Affairs and its regulations. Under 38 CFR 4.25B, when you take when a veteran has more than one service-connected disability, those ratings, those evaluations for individual disabilities are combined under the combined ratings table. And the result is a combined rating. And that's what VA calls it, which determines the level of disability compensation that will be paid. Now, this terminology has meaning. The combined rating, which is the 70% that was there. So if the department just says rating, that means of a particular single disability. It is quite. And if they mean two or more, they always use the adjective combined? They. Or interpretation? I invite the court's attention to the record at page 67, which is in the joint appendix. And that is the 1965 rating decision, the second page. Now, on the preceding page, it shows the reduction from 50 to 30. But then on page 67, it shows the individual ratings. And then at the bottom, combined rating, 70%. It doesn't say rating, but that's what it means, combined. So when they talk about a disability rating for which a veteran is paid compensation, that is only the combined rating. No veteran. You're talking about .500R? I am, Your Honor. Now, what about the second sentence of the preface? Does that apply to all of the sections, including law? Yes, Your Honor. I think it does. And it uses the word award. Right. I must say that I... It also uses the word compensation. So it seems to me the second sentence is talking about money. And so why wouldn't the correct instruction of .500 when you combine sentence number two with subpart R mean that if a reduced rating of a particular impairment is instituted by the VA and that causes a reduction in the monthly check, then 60-day delay is triggered. But if there's no reduction in the check, 60-day delay not triggered. The reason, Your Honor, is because the second sentence of subsection R is an express exception to the general rule, where VA says clearly, quote, applies to change from wartime to peacetime, comma, reduced evaluation, comma, and severance of service connection, end quote. That was modified slightly in the current regulation, the phrase from wartime. I'm not with you. You seem to be saying don't pay any attention to the second sentence. Just jump down to R and read R literally and don't worry about anything else. I don't think that's the way that we have to read statutes. Preparatory language that applies to all subsections applies to all subsections, in this case also to R. So I'm not with you when you say, well, that sentence has no effect. Well, if the sentence does not mean what we assert that it means, that the veteran is entitled to 60 days notice of a reduced evaluation, change in evaluation, then the effect is to read that sentence out of the law. I'm trying to present an argument. Read which sentence out of the law? The second sentence that I'm relying on of R. I'm asking about the second sentence in the preface. I understand, Your Honor, and I agree. And what I'm saying is if the second sentence in R is not an exception to the second sentence in the main part of the regulation, if it doesn't mean that a reduced evaluation, in this case from 50 to 30, also entitles the veteran to 60 days notice, then the second sentence in R has no application as far as we can determine. We haven't been able to determine what that sentence means if it doesn't mean what we suggest. Now, one of the reasons Congress passed the statute on which the regulation is based is to provide, and it says so expressly in the legislative history, is to provide veterans with the opportunity to come in and say why the reduction should not be made, to provide additional evidence to stop that reduction from taking effect. In this case, our client has denied that opportunity. And I think that is why VA included that sentence in this regulation. But why would Congress care if it isn't going to change the money due? Well, it does change the money due. Well, first of all, in this particular case, based on the decision of the Court of Appeals for Veterans Claims, we're only talking about a very small amount of money, the difference in compensation between September 2 and January 1. However, our argument to that court was that based on the Court of Appeals for Veterans Claims case law and the nature of the notice that Mr. Stelzel did receive, he wasn't adequately informed that he would have received an 80% rating if this reduction had not been made. Therefore, he had no reason to come in and offer additional evidence. The Court of Appeals for Veterans Claims has held that in such a situation, notice cannot be given retroactively because it would be ineffective. And therefore, we will continue to argue at the Court of Appeals for Veterans Claims that this reduction, we assert, this case should be rated at 80%, not 70, and that that 80% should be continued until the present day, until such time as VA properly reduces it. So our argument is that the Court of Appeals for Veterans Claims was asked to look at this regulation and determine whether the effective date for the reduction was correctly made. The Court of Appeals for Veterans Claims did not do that. The Court of Appeals for Veterans Claims said that even if the error that we assert had been made, nonetheless, the reduction would have stood. And so it never addressed our specific argument. And we believe its decision is incorrect. We believe our argument as presented to that court is preserved for appeal here, and the court should send this case back to the CAVC with instructions to conduct further proceedings. To do what? To address our specific argument that the Court of Appeals for Veterans Claims did not address what I just said. So they need to— What remedy are you asking for? That we vacate and remain with instructions? Yes, Your Honor. That the— The instructions would say what? Answer the question that was posed by DAB? Well, the instruction might also say that the issue to be decided is whether or not the effective date. The regulation, 3.500R, was correctly applied, or not, in 1965. Well, do you want a construction or affirmation of the significance of the regulation? Yes, Your Honor. That is correct. And the fact that the regulation controls the outcome of this appeal, 3.500R, and not whether or not, ultimately, the reduction in the evaluation would have stood in 1965. Now, you say that the regulation designated .105 has no application here. That is correct. The government says it does apply here, and the government argues that the two regulations work the same effect, so that it makes no difference whether you apply the one or the other. The government is incorrect, Your Honor. And in saying that .105 doesn't apply, you argue that that only relates to collateral attack in the absence of new evidence, and that your case involves new evidence, new ratings. And the government's response to that is, well, there's no authority that limits .105 or related sections of the Code of Regulations to the situation that you suggest. I think that your case, at least in part, is that, well, the heading of the subsection itself so suggests. Yes, Your Honor. Anything else besides the heading of .105 that would suggest that it's limited to the situation of collateral attack doesn't cover the kind of situation you argue? I don't think so, Your Honor, except that. If the government's position is correct, then there are two virtually identical regulations, identical to the extent that they control the same situation. Where there is a reduction, we can go either way. We can use 500 or we can use 105E. Now, we take the position that 3.105E applying to the revision of an otherwise final decision is a collateral attack. And E applies not in all cases, but only in those cases where the government brings the claim of clear and unmistakable error and proposes to reduce retroactively a disability rating. If the veteran brings the claim of clear and unmistakable error, it's going to be an increase in the disability rating, I would expect. And that reduction regulation would have no application. Unless that distinction is made, I fail to see why there would be two regulations. Counsel, 3012, the relevant statute, you're not arguing to us here that your client is entitled to the 60 days under the language of that statute, 3012, which focuses on compensation, right? Correct, Your Honor. We're arguing that the interpretation applies that – gives him entitlement to that notice. So that's my question. There is, at best, maybe some ambiguity in 3.500 with regard to this reduced evaluation, which doesn't affect compensation because you've got the second sentence that seems to clearly limit the applicability of all of 3.5 to reductions in compensation. And then you've got R, which you're arguing applies no only to reduced evaluations and says nothing about it has to correspondingly reduce overall compensation. So if there is potential ambiguity in this regulation, why aren't we construing the regulation in a way, like the government argues, to be completely consistent with the authority that they had under the statute? The statute seems to me to be unambiguous. It focuses on reductions in compensation only. So why don't we construe the regulation to be consistent with this if there is ambiguity? The rule the court should apply is the one that has followed from the Supreme Court, that where there is an ambiguity in a statute, and of course the same rules of construction apply to regulations, then that ambiguity is to be resolved in the veteran's favor where the rule involves the paid benefit to a veteran. But what if we decide that it's not ambiguous and that the statute is limited to changes in payment? If the court decides that, I think we lose. All right. Let's hear from the government. We'll restore your revolution. Ms. Conner.  May it please the court. The Veterans Court properly found that there was no clear and unmistakable error in the September 1965 R.O. decision that decreased Mr. Stelzel's disability rating for his service-connected brain disability to 50% to 30% and granted secondary service connection for his ulcer condition. The issue in this case is whether the VA was required to give Mr. Stelzel 60 days' advance notice before it reduced the rating for his brain disability in 1965. The VA did not misapply or misinterpret the law in 1965 because the 60-day notice period, and here we respectfully disagree with the opposing side, in 38 CFR section 3.105E, we believe is the appropriate regulation, only applies where there is a reduction in compensation payments. It does not apply where the reduction in one disability rating is offset by the increase in award of another rating. How would we know? It doesn't help us for you to just say, well, my view is X and his view is the opposite. We have to decide who's right. Give us a little help about why your position is more logical. Our position is consistent with the clear language of the statute, which says that a reduction in compensation benefits, or a reduction in compensation, only when there's a reduction in compensation based on a change in physical condition. That is when the effective date shall be the last day of the month following 60 days from the date of notice to the payee. So first of all, our – the regulation 3.105E and also our construction of 3.500 is consistent with the statute. Also, it reflects a longstanding practice of the VA in effect since the 1930s that advance notice is only applied where a reduction in valuation results in a reduction in overall compensation. Well, what about the argument that the House Committee Report suggests that one of the two goals of the statute was to provide a warm-up and a brief opportunity for the veteran to come in with new and different additional medical evidence to try to persuade the Veterans Department before it implements a reduction? Well, looking at the language of that House Committee Report, and it's in our brief at the addendum at page 4, I think if you look at the two reasons that it lists, it provides a reasonable time to adjust to the reduction or discontinuance of his compensation benefits or a period of time in which he may submit evidence to show that such reduction or discontinuance is not justified. I'm referring to the latter of those two. That's correct, Your Honor. I would argue that the reduction or discontinuance to what you're referring to is a reduction or discontinuance in the overall compensation benefits. Also, it's important to note that even though the – Well, if I'm the veteran and I had a disability rated at 50 percent and now the Veterans Department announces that that's going to be reduced to 25, wouldn't I have a huge interest in wanting to come promptly back to them and say, no, no, no, don't cut it in half. That's not appropriate because look at this new medical evidence that I have, which you should consider before you finalize your percentage determination. Yes, Your Honor. And just because the effective date was September 2, 1965, didn't mean that Mr. Stelzel didn't have the opportunity to do that. He could have submitted new evidence – he could have appealed the RO decision or he could have submitted new evidence within the one-year period following the rating decision, and this is under Section 3.400Q1. But it seems like Congress might want to give him an opportunity to do something before there is any impact from the reduction. Well, if you look at the language of the regulation at the time, it doesn't say that the 60 days – I'm asking about House Report language, which seems to suggest that Congress was concerned, as in the statute, to give warning and a 60-day opportunity to the veteran before there would be any impact from a reduction in a rating that the VA has just announced. The impact that Congress was concerned about, we believe, was the impact in reduction in compensation benefits. Why do you say that? Where such a rating did not affect the compensation benefits, there was not the need for the 60-day advance notice. Why do you say that? Because that is what they're talking about. They're talking about a concern to give the veteran time to adjust to a decrease in compensation. That's the first goal. I'm only asking about the second goal. Well, the second goal uses the same language, a reduction or discontinuance of. And it's referring to, we believe, a reduction in compensation. And to go back to what I was talking about before, if he had introduced new evidence within that one-year period and convinced the VA that the reduction should not have taken effect, it would have completely been erased, that earlier decision. The effective date of the, once that new medical evidence was introduced, it would have been as though the former decision had not been rendered. But he did not appeal the 1965 R.O. decision and did not introduce any new evidence. So he could have easily remedied that. Even without the 60-days notice, he could have said, oh, no, no, this reduction was incorrect, and here's new evidence showing why. And the VA would have had to consider that evidence. And if they found that evidence persuasive, the effective date would be as though the former decision had not been rendered, and he would have had an 80% disability rating. This is just a general question. Sure. There's a right of appeal for a reduction like this, even if it doesn't affect overall compensation. That's correct. So the veteran is able to appeal the 50 to 30, even though he still stays at 70. That's correct. And I believe the October notice is in a joint appendix that was sent to the veteran noted his appeal rights. You're asking us to assume that, and perhaps it's not invalid, that there are no circumstances in which a change or realignment of the percent disability from one cause to another might have some significance to a veteran, perhaps for the long-term implications or hospitalization possibilities or whatever. And therefore, the easier path, that is to have 60 days before it takes into effect, should not be available to the veteran. Instead, he has to come in and say, no, you got it wrong before. I want to start again, which you can do within a year. Well, if there's a reduction, this happens, first of all, this happens quite frequently in the VA, where there's multiple disabilities and they all have different ratings and the VA adjusts the ratings. If the VA adjusts the ratings, affected the overall compensation, then we would not dispute that they would get the 60-day notice. However, if it didn't affect the overall compensation, I believe the answer to your question would be yes. The only way for them to challenge it would be to bring in new information and to appeal that RO decision, or they could challenge it by submitting new medical evidence within the one-year period. Well, then why – I think this is really the question. You say that they frequently readjust the ratings and come out with the same total, and that a lot of this is done. We know that the courts are very busy and the ROs. Why would they do that if it's to come out the same way? Because they do it based on the medical opinions of the doctors. I mean, for example, in Mr. Stelzl's case, they found that his – they re-diagnosed him with – he no longer had chronic brain syndrome. I mean, they have – the ratings have to affect the actual disability. Because it is hard to say that if, in fact, what it's all over, that the total is the same, Congress never intended that the veteran should have the opportunity – the easier opportunity to challenge it. Well, it's constantly been the VA's position that the real concern there was when there's an overall decrease in compensation, and that's when the 60 days is very important. And also, it's important to note that the – in that – the first part of that congressional history that we're talking about, the Congress notes that they're interpreting the longstanding VA – they're incorporating the longstanding VA interpretation into the statute. And this – like I said before, this VA interpretation has been in place since the 1930s, that only when there is a reduction in one rating, that – where it is offset by an increase or an award of another rating, that the 60 days notice does not apply. And that is the – But it doesn't say that explicitly. Right. Well, that's – but the regulation says that. VA's regulation says that. At least your reading of it. Right. Well, 3.105E specifically says that the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made. Rating actions will be taken, and that's when the veteran has 60 days notice. Ms. Conrad, if there's one year from the decision to file a notice of disagreement and bring in new evidence, then what's the benefit of Congress adding this 60-day provision for any circumstance? Because if – They could do it on day two or day 364 or anywhere in between. Because if your – if the rating reduction resulted in a reduction in compensation benefits, you would have time to adjust to that time period. Well, that goes back to one of the two goals. Right, right, which I think is the main goal here. And if you – Well, if you're saying I should ignore Congress's express second goal, I'm not going to do that. They set out two quite different-sounding goals, and it seems like we have to pay attention to both of them equally. Well, I think, counsel, is your – am I understanding the government's position correctly to be that the statute 3.012 is clear on its faces? There's no reason to resort to legislative history, so regardless of what goals are set out there, if the statute itself is clear – Yes, Your Honor. – then we need to decide based on the field language. I just want to make sure I understand that's your argument. Yes, Your Honor, that's certainly our primary argument, that the language in the statute is clear. And I think it's also important to note that the language of the regulation in both 3.400 – sorry, 3.500R and 3.105E in 1965 didn't say that the 60 days – It says rating action will be taken in 60 days no matter what. Does the government agree that there's ambiguity in the reg that created it or that was created 3.500? I mean, counsel aptly points out that subsection R does say reduced evaluation. It doesn't say reduced compensation consistent with the other places in the government regs. No, it is not our opinion that there's any ambiguity because we read it with the introduction to section 3.500R. In the introduction, it says the effective date of reduction or discontinuance of the award of pension compensation or dependency. And then it lists these different effective dates, and R must be read in conjunction with that. And so, therefore, where there is a reduced evaluation as under R and it affects the reduction or discontinuance of award of pension or compensation, there is a 60-day advance notice. What is the meaning of the concluding language in the preface, quote, unless otherwise provided, end quote? That's an excellent question, Your Honor. Could it mean precisely for the different regime set out in R? That is normally we're only worried about money, but if we're talking about a reduced evaluation, then under R, the 60-day provision kicks in whether or not there's a reduction in money. That has not been our interpretation of that. I understand that, but I'm trying to figure out what's a logical way to read the language. The second sentence in the prefatory part of .500 does make it sound like it's all about money. But then that sentence ends with saying, unless otherwise provided, which suggests to me that, well, then maybe there's some situation where it isn't only about the money, and perhaps R is one such situation. Well, if that was the case, Your Honor, then we would argue that the reduced evaluation in R applies to a reduced evaluation. In this case, there was none, as the veteran remained at 70%. Well, he remained at 70% on the combined, but he lost 20 percentage points on the brain injury. Then perhaps evaluation is an ambiguous term because we don't know if it means combined evaluation or the individual rating. At that point, the reference should be given to the agency's interpretation of regulation. Why? Because… Just because the agency is the agency and they wrote the reg, so that's the end of the argument? No, but that is standard practice where the VA for years has consistently interpreted a regulation. This Court has historically given deference to the agency's interpretation of an ambiguous regulation. Well, we often have that. It's certainly a fair statement, but it would be a lot more persuasive if there's some logical reason why that interpretation makes better sense than the alternatives. Okay, Your Honor. Well, how about this? It also goes in conjunction with the language of the statute, which applies to a reduction in compensation, not an individual reduction in a rating that does not reduce the compensation benefits. Do we know for sure which statutory provision is being construed in the regulation designated 0.105 versus 0.500? They both list the same one, which is 38 U.S.C. 3012b-6. So that suggests that both of those regulations apply and both interpret the same statutory provision. That's correct, and we would argue that they should be given consistent interpretation. Well, what's the point of having two if they're identical? Well, I think it's because you have to look at the general topics of the sections. First of all, Section 3.500 just gives the effective dates of various reductions or discontinuances, and Section 3.105 provides different bases for revisions of decisions. We would disagree that it's not just for revision of decisions based upon a few. It also gives revisions for multiple reasons, such as differences of opinion, change in diagnosis, character of discharge. So although they appear to overlap some, it is perhaps to—I would be guessing, so I don't want to hypothesize that they do appear to overlap some, but they should be interpreted consistently. All right. Thank you. Thank you. Thank you, Your Honors. First of all, I'd like to point out that if our interpretation is correct, then Mr. Stelzel is entitled to an 80% disability rating. So there was a reduction here. And if the court were to look at the notice that was given— 80% for the two months. Four months, Your Honor, from September 2 to January 1, because the 60 days runs from the date of notice, which was in October, and then it's the beginning of the end of the fall, the last month. But the statute and the regulations seem to say that what you compare to decide whether there's been a reduction is not what the veteran asserts he was entitled to versus what he is now getting, but what he used to be getting compared with what he's now getting. And if the dollar amount is the same, then it's not a reduction. Well, that's a possible interpretation. We can screw the legislative history. And by the way, we do believe, contrary to the government's position, that 3012 does contain an ambiguity, and I would invite the court's attention to B6, because that subparagraph contains an or. And it says or for compensation purposes. That's broader than determining what this disability is going to be evaluated at. But counsel that the preface, which is Part B itself, which precedes the 6th, says the effective date of a reduction or discontinuance of compensation, dot, dot, dot, of which 6 is a subsection. I agree that it's confusing, Your Honor. I'm not agreeing that it's confusing.  And so the interpretation of 6, which is a subpart of B, it seems to me could only properly simulate the interpreter's limited compensation. I'm not seeing how your or creates confusion in the statute. Well, I suggest that for compensation purposes, there are lots of reasons why disability ratings are made other than to determine how much money someone is going to get. Their disability rating will determine whether or not, for example, they're entitled to education benefits or to medical treatment for disabilities that are not service-connected and other such things. And my only suggestion is that that or for compensation purposes does seem to support the proposition that the second sentence in R, why it was in there for the reduction of an evaluation. And I think the notice to Mr. Stelzel is enlightening. And that's in the record at page 69. And when the court looks at that, you will see that what VA did not tell Mr. Stelzel was that if his rating had been made effective for the increase on September 2nd and the reduction on January 1st, he would have been entitled to an 80% rating. And so the question, I believe that answers at least in part the question, why didn't Mr. Stelzel come in and complain about this reduction in the evaluation for one service-connected disability? Answer, there was no change in his compensation and he had no reason to know that but for the incorrect application of the regulation, he would have been entitled to more money. But that's a different phase from what you've been arguing all along, it seems to me, to say in addition during this period, there would have been a 10% increase on the record. A much stronger argument is that the 60 days applies across the board. Oh, absolutely. I'm making that in addition. I'm simply pointing out that the, in our view, the notice he received was defective and maybe that explains why, could reasonably explain why a person would not come in and object to that rating which was continued at 70%. But our argument is not changed that the regulation, the statute was construed by VA. That construction is contained in a regulation.  And we ask the court to consider whether, if you were to rule as the government suggests, whether there would be any meaning to the second sentence in R. We suggest it's not and that alone should persuade the court, we think, that the government's argument is incorrect. We thank you both. We thank the appeal on their advice.